UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JASON HARTWICK,

                              *Plaintiff*,

               -against-

ANTHONY ANNUCCI, et al.,

                             *Defendants*.

STIPULATED

**PROTECTIVE ORDER**

20-CV-408

DNH/TWD

---

      Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby stipulated and agreed by and between the parties, through their respective counsel, as follows:

      IT IS STIPULATED AND SO ORDERED:

      1.     The terms and conditions of this Order shall govern all disclosures conducted in this action that are designated as defined in paragraph 2 pursuant to the Federal Rules of Civil Procedure and all other information exchanged by the parties or produced by any third party in response to discovery requests or subpoenas.

      2.     The designation "CONFIDENTIAL/ATTORNEY EYES ONLY" shall apply to protect employment, medical and other private, sensitive, and/or confidential information of parties and third parties, and materials designated by counsel for plaintiff and/or counsel for defendants as "CONFIDENTIAL/ATTORNEY EYES ONLY" based upon counsel for plaintiff's and counsel for defendants' good faith belief that the information and/or materials encompass matters which shall be held confidential by the parties.

3. The Nondisclosing Attorneys shall not disclose such disclosure marked "CONFIDENTIAL/ATTORNEY EYES ONLY" to persons other than the counsel of record, employees of such counsel of record actively assisting in the conduct of this action, expert witnesses or consultants retained for the purposes of the prosecution or defense of this action, trial or deposition witnesses, the trier of fact, the court reporter, and the Court. Plaintiff is not permitted to view documents marked "CONFIDENTIAL/ATTORNEY EYES ONLY." Under no circumstances shall plaintiff retain copies or take possession of disclosures designated "CONFIDENTIAL/ATTORNEY EYES ONLY". Further, to the extent that any individuals, including inmates, parolees, victims, and DOCCS employees, are identified in documents designated "CONFIDENTIAL/ATTORNEY EYES ONLY," under no circumstances is plaintiff allowed to learn the identities of these individuals. Notwithstanding anything to the contrary contained herein, nothing in this paragraph shall be interpreted to prevent any party from using any statement or document drafted by a party or a non-party during any party deposition, unless the party raising an objection to the use of such statements or documents at a party deposition obtains a determination or ruling from the Court preventing the use of such statements or documents at a party deposition. Prior to the disclosure of any such statement or document to a deponent, the objecting party shall have an opportunity to seek a ruling from the Court.

4. If a receiving party should dispute the designation of any document as "CONFIDENTIAL/ATTORNEYS' EYES ONLY," the receiving party may contact the producing party and request removal of the designation. In such a case, the parties shall negotiate in good faith and attempt to resolve the dispute. If the parties cannot resolve the dispute, they shall make

a joint submission to the Magistrate Judge explaining the dispute and requesting a ruling on the documents at issue.

5. Nothing set forth in paragraphs 2 or 3 herein shall preclude plaintiff or defendants from calling any person as a witness who is identified in any document marked as "CONFIDENTIAL/ATTORNEY EYES ONLY".

6. The person(s) authorized by this Agreement to view, possess or otherwise access "CONFIDENTIAL/ATTORNEY EYES ONLY" information and/or material shall use such information and/or material solely for the purpose of this action and solely to the extent necessary for the litigation of this action.

7. A copy of this Order shall be delivered to the plaintiff, defendants, and to each person listed in paragraph 3 to whom a disclosure of "CONFIDENTIAL/ATTORNEY EYES ONLY" information or material is made, at or before the times of the disclosure by the party making the disclosure or that party's counsel. The provisions of this Order shall be binding upon each such person to whom a disclosure of "CONFIDENTIAL/ATTORNEY EYES ONLY" information or material is made.

8. The parties and their counsel shall ensure that each person to whom "CONFIDENTIAL/ATTORNEY EYES ONLY" information or material is disclosed shall keep such "CONFIDENTIAL/ATTORNEY EYES ONLY" information or material in a secure location to prevent unauthorized disclosure.

9. Parties may not file any documents under seal without first obtaining permission from the Court. The Court retains discretion to determine whether any document should be sealed regardless of the parties' confidential designation of the document.

10.     In the event that a party intends to file with the Court any papers that attach or enclose "CONFIDENTIAL/ATTORNEY EYES ONLY" information or material, including deposition transcripts, that party shall file those materials under seal based upon the producing parties' designation.  Any party filing a motion or other papers with the Court under seal shall also publically file a redacted copy of the same that redacts only "CONFIDENTIAL/ATTORNEY EYES ONLY" information or material, or reference thereto, and does not redact text that in no material way reveals the "CONFIDENTIAL/ATTORNEY EYES ONLY" information or material.  If any "CONFIDENTIAL/ATTORNEY EYES ONLY" information or material which is disclosed pursuant to this Order is offered into evidence or otherwise disclosed at the trial of this action, the parties hereby jointly request that any portion of the trial transcript reflecting such confidential information and any documents received into evidence containing such confidential information shall be made a sealed record until further Order of the Court.  In any event, any pages of deposition testimony reflecting confidential information will be treated by the parties as "CONFIDENTIAL/ATTORNEY EYES ONLY" information under this Order.

11.     Except as provided by paragraph 10 above, at the conclusion of this action, plaintiff, through his counsel, shall return the original and any and all copies of the "CONFIDENTIAL/ATTORNEY EYES ONLY" information or material to the Office of the Attorney General of the State of New York and no copies of said "CONFIDENTIAL/ATTORNEY EYES ONLY" information or material shall be retained by plaintiff, his counsel, or each person listed in paragraph 3 above.

12.     This stipulation is binding on the parties to it as soon as it is signed by their Counsel regardless of whether it is signed by other counsel or so ordered by the Court.

13. The Magistrate shall retain jurisdiction to decide any dispute arising over whether any document was appropriately marked as "CONFIDENTIAL" and/or "ATTORNEY EYES ONLY".

14. The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order or decision by the Court.

Dated: Feb. 24, 2021
New York, New York

By: *Joshua Pepper*
Joshua Pepper, Esq.
Law Offices of Joshua Pepper, PLLC
Attorney for Plaintiff
30 Wall Street – 8th Floor
New York, NY 10005

Dated: 2/24/2021, 2021
Ridgewood, New York

By: _____
J. Remy Green, Esq.
Cohen Green, PLLC
Attorney for Plaintiff
1639 Centre Street, Ste. 216
Ridgewood, NY 11385

Dated: March 11, 2021
New York, New York

By: *Phillip C. Hamilton*
Phillip C. Hamilton, Esq.
Hamilton Clarke, PLLC
Attorney for Defendant Shapiro
48 Wall Street, Suite 1100
New York, NY 10005

5

Dated: <u>  March 12  </u>, 2021
      Albany, New York

    LETITIA JAMES
    Attorney General of the State of New York
    Attorney for Defendants Annucci, Enright, Stanford, Smith, Crangle, Alexander, Coppola, Cruse, Agostini, Berliner, Drake, Demosthenes, Davis, Wright, and Rigby
    The Capitol
    Albany, New York 12224

    By: *Kostas Leris*
    Kostas D. Leris
    Assistant Attorney General, of Counsel
    Bar Roll No. 519646
    Telephone:   (518) 776-2574
    Email: kostas.leris@ag.ny.gov

IT IS SO ORDERED.

DATED:  <u>3/15/2021</u>

*Thérèse Wiley Dancks*
Thérèse Wiley Dancks
United States Magistrate Judge