UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JASON HARTWICK,

                              *Plaintiff*,        **STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)**

        -against-

ANTHONY ANNUCCI,

                             *Defendant.*        5:20-CV-00408 DNH/TWD

---

       IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for Plaintiff Jason Hartwick ("Plaintiff") and Defendant Anthony Annucci ("Defendant"), parties to the above entitled-action (the "Action"), that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of this Action, the Action be and the same hereby is settled on the particular circumstances of this Action, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this Action or any other parties:

       1.    Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff hereby discontinues this Action, inclusive of all outstanding substantive claims, with prejudice and without damages, costs, interest, or attorneys' fees, under the conditions described in this Stipulation, as against Defendant Anthony Annucci, and discharges and releases Defendant Anthony Annucci and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of action, known or

unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this Action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claims against the Defendant and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned Action, or any results of the aforementioned facts, circumstances or incidents that gave rise to the aforementioned Actions.

2.  The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the Action.

3.  The parties also agree that: (1) no provision of this settlement shall preclude Plaintiff from subsequently filing a proceeding challenging the validity of any newly imposed or revised parole conditions, and (2) no provision of this settlement agreement shall preclude Defendants from asserting any and all claims or defenses available to them if Plaintiff files a proceeding challenging the validity of his parole conditions.

4.  This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this Action is limited to the circumstances in this case, including the remaining substantive claims, alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

5.  Following the execution of this stipulation, and it being ordered by the Court, Defendant shall cause to be paid to Plaintiff the sum of EIGHTEEN THOUSAND DOLLARS ($18,000.00) in full settlement of any and all claims. The above amount shall constitute all sums

to which Plaintiff is entitled, including but not limited to damages, costs, and attorneys' fees. The above amount shall be paid by two checks: $8111.11 payable to Plaintiff's counsel for costs ($3,166.66) and fees ($4,944.45) as "Rickner PLLC as Attorneys for Jason Hartwick", and $9888.89., payable to the Plaintiff, "Jason Hartwick"—both checks will be mailed to: Rickner PLLC, 14 Wall Street, Suite 1603, New York, New York 10005.

6. These settlement payments shall be made in full satisfaction of any and all claims, costs or fees. In full consideration of the payment of the sums set forth above, the Plaintiff hereby releases Defendant and any and all current and former employees or agents of DOCCS in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators, and assigns and the State of New York and DOCCS from any and all claims, liabilities and causes of action covered by the release in Paragraph 1 of this Stipulation.

7. Payment of the amount specified in paragraph 5 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law. Plaintiff agrees to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval effectuating payment. Such documentation will be mailed to counsel for the Plaintiff by agents of the Defendant responsible for the administrative processing of the settlement paperwork.

8. Payment of the amount referenced in paragraph 5 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court and receipt by Defendant's counsel of a copy of the so-ordered Stipulation, unless the provisions of Chapter 62 of the Laws of 2001 apply to the Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

9. This stipulation shall be null and void if the approvals referred to in paragraph 7 are not obtained, and this action shall then be placed back on the active docket without prejudice.

10. In the event that the terms of paragraph 7 are satisfied, but payment is not made within the 120-day period set forth in paragraph 8, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

11. Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months.

12. This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

13. The foregoing constitutes the entire agreement of the parties.

[The balance of this page has been left blank intentionally]

Dated: August 19, 2022

_____
Jason Hartwick
*Plaintiff*

Dated: New York, New York
       August 19, 2022

_____
Rob Rickner, Esq.
*Attorney for Plaintiff*
Rickner PLLC
14 Wall Street, Suite 1603
New York, NY 10005
Telephone: (212) 300-6506
Email: rob@ricknerpllc.com

Dated: Albany, New York
       August 19, 2022

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant*
The Capitol, Albany, New York 12224

By: _____
Kostas D. Leris, Esq.
Assistant Attorney General, of Counsel
Bar Roll No. 519646
Telephone: (518) 776-2574
Email: Kostas.Leris@ag.ny.gov

IT IS SO ORDERED:

_____
David N. Hurd
U.S. District Judge

Dated: August 22, 2022
At Utica, NY